### 37759. JENKINS v. MONTGOMERY.

CLARKE, Justice.

This is a habeas corpus case in which the applicant Jenkins complains that his plea of guilty to one of several offenses for which he is imprisoned was not freely and voluntarily given. The issue is whether a five-year sentence for motor vehicle theft is concurrent with certain other sentences or consecutive to them. The trial court held that Jenkins did not carry his burden of proof. We disagree.

When Jenkins appeared in court for the purpose of entering the pleas involved in this case he was already serving an eighteen-year sentence for convictions in Fulton County. After a period of plea bargaining Jenkins pled guilty to two counts of armed robbery and one count of motor vehicle theft. For the armed robberies, he was given two twenty-year sentences to run concurrently. For the motor vehicle theft, he was sentenced to five years. The state contends this five-year sentence was to be consecutive to the armed robbery sentences and Jenkins contends that it is concurrent.

The argument asserted by Jenkins is that he was never made aware that the motor vehicle theft sentence would be consecutive to the other sentences and he did not therefore knowingly plead guilty. We do not reach this question because the wording of the sentence itself is such that we cannot hold it to be a consecutive sentence.

In entering its sentence for the armed robbery offenses, the

---

court stated the punishment to be "20 years, on each Count concurrently. . . ." No reference was made to the previous Fulton County sentences and in the absence of such a reference, the law construes the more recent sentences to be concurrent with the existing ones. Code Ann. § 27-2510 (a). In dealing with the motor vehicle theft, the court stated the punishment to be "5 years, to run consecutive to Counts I & II of the above-numbered Indictment and concurrent with Fulton County Case."

Since the two armed robbery sentences were running concurrently with the Fulton County sentences, it is impossible for the motor vehicle theft to run consecutive to the armed robbery sentences and concurrent with the Fulton County sentences. As a result, there is, at best, an ambiguity in the effect of the sentence, and we have held that when a sentence is ambiguous and doubtful it should be given that construction which favors liberty of the individual. *Carter v. Johnson,* 168 Ga. 688 (148 SE 590) (1929). See also, *Buice v. Bryan,* 212 Ga. 508 (93 SE2d 676) (1956).

We therefore hold that the five-year sentence for motor vehicle theft runs concurrently with the twenty-year sentences for armed robbery.

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents.*

DECIDED JANUARY 6, 1982.

Timothy L. Jenkins, *pro se.*

*Arthur K. Bolton,, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.