Robert SCHAMBER, Petitioner,

v.

Lanson NEWSOME, Warden; Michael Bowers, Attorney General, Respondents.

Civ. A. No. 4:87–CV–244–HLM.

United States District Court,
N.D. Georgia,
Rome Division.

Oct. 4, 1988.

---

Robert Schamber, Reidsville, Ga., pro se.

Johnny Michael Davis, State of Georgia Law Dept., William Bradley Hill, Jr., Mary Beth Westmoreland, Office of State Atty. Gen., Atlanta, Ga., for respondents.

## ORDER

HAROLD L. MURPHY, District Judge.

Presently before the Court in this *pro se* habeas corpus action, 28 U.S.C. § 2254, is the magistrate's report and recommendation, along with Petitioner Schamber's objections thereto. For the reasons provided below, the Court REJECTS the magistrate's recommendation and GRANTS habeas relief.[1]

Schamber escaped from prison while serving a life sentence. Following a jury trial, he was convicted of offenses relating to the escape and to a crime spree that ensued. The trial court sentenced Schamber in November 1977 to 20 years for kidnapping and, concurrently, to 5 years for armed robbery, 10 years for aggravated assault, 7 years for motor vehicle theft and 5 years for escape. The trial court did not state whether these concurrent sentences were to be concurrent with or consecutive to the life sentence Schamber was serving at the time that he escaped.

In January 1978, the trial court amended its 1977 sentence by indicating that the 20 year kidnapping sentence was to run consecutive to Schamber's life sentence. The court stated that the omission of this provision from the 1977 sentence was inadvertent.

On direct appeal, Schamber argued that the 1978 sentence was invalid because, under Georgia law, the kidnapping sentence originally imposed was concurrent to his life sentence, and his punishment could not be increased under Georgia law or the Double Jeopardy Clause of the Fifth Amendment.[2] The Georgia Court of Appeals affirmed. It cited Ga.Code Ann. § 27–2510(b) (now codified at O.C.G.A. § 17–10–10), which provided that "where a person is convicted ... in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein." The appeals court ruled that this provision did not apply to Schamber's case because it covers persons convicted in different courts for offenses committed during a single crime spree, and Schamber's existing life sentence was not for offenses committed during his escape. The appeals court proceeded to find that there was no increase in Schamber's punishment because, under Georgia law, a trial

---

1. Petitioner Schamber has also filed motions for appointment of counsel, summary judgment, and an evidentiary hearing. The Court declines to appoint counsel because the case is neither novel nor complex and finds further that an evidentiary hearing is unnecessary. The Court will consider the arguments in Schamber's various summary judgment motions along with those in his objections.

2. The state argued before the magistrate that the petition should be dismissed for lack of exhaustion of state remedies. After reviewing Schamber's brief on direct appeal, the Court is satisfied that the federal constitutional issue was raised before the state court. As the magistrate stated in his order denying the state's motion to dismiss on exhaustion grounds, Schamber had cited a portion of *Inman v. State*, 124 Ga.App. 190, 183 S.E.2d 413 (1971) that cited federal cases for the proposition that increased punishment can violate the Fifth Amendment prohibition against double jeopardy. The Court therefore agrees with the magistrate that the federal constitutional question was raised on direct appeal such that no exhaustion problem exists.

court may amend a sentence until the end of the court's term and before execution of sentence has begun. *Schamber v. State*, 152 Ga.App. 196, 198–99, 262 S.E.2d 533 (1979).

In his federal habeas corpus petition, Schamber claims that the amended sentence for his kidnapping conviction increased his punishment in violation of the double jeopardy prohibition. The essence of his argument is that, under Georgia law, the silence of the trial court at the first sentence as to his existing sentence means that the court imposed sentences concurrent to his existing sentence. Therefore, his argument goes, the amendment that made his sentence consecutive increased his punishment. The state responds that although the trial court initially did not state that the sentences were consecutive, it also did not state that they were concurrent, and the 1978 sentence merely clarified that ambiguity.

The magistrate concluded that habeas relief should be denied because the Georgia court had determined that, under Georgia law, the 1978 sentence was a clarification and not an increase of the 1977 sentence. The magistrate cited *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983) and *Ford v. Strickland*, 696 F.2d 804, 819 (11th Cir.) *cert. denied*, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983) for the proposition that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief.

■ The Court agrees that a state court's interpretation of state law is binding on a federal court. However, to the extent that the application of state law implicates federal constitutional rights, this Court must undertake an independent inquiry. Accordingly, the double jeopardy rules relating to Schamber's case must be examined.

■ In *Ex Parte Lange*, 85 U.S. (Wall.) 163, 21 L.Ed. 872 (1873), the Supreme Court held that, consistent with the Double Jeopardy Clause, a person cannot be resentenced to a term in prison after he had already been fined and served part of a prison sentence. The Court revisited *Lange* in *United States v. Benz*, 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931), where it stated that one's sentence cannot be increased once service has begun.

The Court revisited *Lange* again in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). *DiFrancesco* involved certain provisions of the dangerous special offender statutes, which authorized an appellate court to increase a sentence that had been imposed by the trial court. The *DiFrancesco* Court stated that "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137, 101 S.Ct. at 437. Due to the existence of the statute, the Court reasoned, DiFrancesco's legitimate expectations as to the finality of his original sentence were not defeated. *Id.* at 137, 139, 101 S.Ct. at 437, 438.

The Court stated further that the statement in *Benz* regarding when a court can increase a sentence was *dictum* because the trial court in that case in fact had reduced the sentence. *Ex Parte Lange*, the Court continued, is properly understood as meaning that "a defendant may not receive a greater sentence than the legislature has authorized." The Court concluded that there was no double jeopardy violation because the punishment was authorized by Congress. *Id.* at 138–39, 101 S.Ct. at 438.

The *DiFrancesco* Court noted additionally that the "established practice in the federal courts" is that a defendant's sentence may be increased "so long as he has not yet begun to serve that sentence," but expressly reserved comment on that limitation. *Id.* at 134, 101 S.Ct. at 436. In *United States v. Jones*, 722 F.2d 632 (11th Cir.1983), the Eleventh Circuit gave that limitation constitutional dimension. Jones was convicted of converting pledged property and was sentenced originally to four years in prison, with all but an indeterminate six months suspended and five years on probation. Later that week, the sentencing court realized that, due exclusively to its own error, it had concluded

that Jones could make restitution with relative ease. The court decided to hold a new sentencing hearing, at which time it sentenced Jones to four years incarceration.

The *Jones* court read *DiFrancesco* as stating, in part, that "the Double Jeopardy Clause respects the defendant's 'legitimate expectations' as to the length of his sentence," and concluded that "if the legitimate expectations of a defendant in Jones' position are frustrated by resentencing, double jeopardy rights would be implicated." *Id.* at 637–38. The Eleventh Circuit amplified its holding as follows:

> For the purpose of determining the legitimacy of a defendant's expectations, we draw a distinction between one who intentionally deceives the sentencing authority or thwarts the sentencing process and one who is forthright in every respect. Whereas the former will have purposely created any error on the sentencer's part and thus can have no *legitimate* expectation regarding the sentence thereby procured, the latter, being blameless, may *legitimately* expect that the sentence, once imposed and commenced, will not later be enhanced. Under this analysis, unless the statute explicitly provides for sentence modification, as in *DiFrancesco*, or the defendant knowingly engages in deception, a sentence may not be altered in a manner prejudicial to the defendant after he has started serving the sentence.

*Id.* at 638–39 (emphasis in original) (footnote omitted). The Court reversed Jones's sentence because his "expectations as to the initial sentence were legitimate and [therefore] resentencing violated his double jeopardy rights." *Id.* at 639.

The Court finds that *Jones* controls the instant case. Schamber did not engage in any deception relative to his sentencing—to the contrary, the trial court conceded in its amended sentencing that the error was due to the court's own inadvertence. Also, in contrast to the situation in *DiFrancesco*, the substantive law does not expressly provide for sentence modification.

Further, the sentence was "altered in a manner prejudicial" to Schamber after he had started serving his sentence because Georgia law construes his original sentence as concurrent to his existing sentence. *See Jenkins v. Montgomery*, 248 Ga. 696, 285 S.E.2d 706 (1982). In *Jenkins*, the defendant had been sentenced to terms of imprisonment and no reference was made to an 18 year sentence he was in the process of serving. The Georgia Supreme Court, citing Ga.Code Ann. § 27–2510(a) (now codified at O.C.G.A. § 17–10–10(a)), wrote that in the absence of a reference to an existing sentence, "the law construes the more recent sentences to be concurrent with the existing ones." *Id.* at 697, 285 S.E.2d 706.

The state's argument that the lack of a reference in Schamber's initial sentence to his existing life sentence was an ambiguity that required clarification is rejected. This Court is bound by the state court's ruling that § 27–2510(b) (now O.C.G.A. § 17–10–10(b)) does not apply to Schamber's case to construe the initial sentence as imposing concurrent sentences. However, apart from § 27–2510(b), § 27–2510(a), as construed in *Jenkins*, provides that when Schamber's initial kidnapping sentence was imposed without a reference to his existing life sentence, it was imposed concurrent therewith. Schamber thus had begun serving his sentence in November 1977 when, two months later, the trial court amended the sentence to run it consecutive to the existing sentence.

There is no dispute that the sentencing court could have imposed a consecutive sentence when Schamber was sentenced initially. However, because, under Georgia law, Schamber was sentenced initially to a concurrent sentence, the court could not, consistent with the federal constitution, increase his sentence under the circumstances presented. As was the case in *Jones*, Schamber had begun serving his sentence when it was enhanced by the sentencing court because of an error attributable solely to the court. Schamber's expectations as to his initial sentence were legitimate, and his resentencing therefore violated his double jeopardy rights. *Jones*, 722 F.2d at 638–39.

**1510**

ACCORDINGLY, the Court GRANTS Schamber's petition for habeas corpus relief from his consecutive kidnapping sentence, unless, within ninety (90) days of the date of this order, Schamber is resentenced to a term of 20 years for kidnapping to be served concurrently with his life sentence.