## S91A1126. CRUMBLEY v. THE STATE.
(409 SE2d 517)

FLETCHER, Justice.

Troy Paul Crumbley was sentenced to life imprisonment after pleading guilty to the murder of Tommy Williams. The judge ordered Crumbley's sentence "to run concurrently with federal case #87-250-A now serving," although Crumbley was not serving any federal sentence at that time. He pled guilty that day to two federal charges; the federal court sentenced him four months later. Three years later,

---

Crumbley filed a motion for entry of a valid judgment of sentence. He argues that his sentence of life imprisonment is void because his federal sentence had not been imposed when the judge ordered the state sentence to run concurrently with it. The trial court found that his sentence is valid and denied the motion. We affirm.

1. A trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass. *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948); OCGA § 17-10-1. Where a sentence is void, however, the court may resentence the defendant at any time. *Mullins v. State*, 134 Ga. App. 243 (214 SE2d 1) (1975). A sentence is void if the court imposes punishment that the law does not allow. See, e.g., *Wade v. State*, 231 Ga. 131, 134-135 (200 SE2d 271) (1973) (holding sentences invalid because they did not follow the jury's verdict and sentence). In this case, the trial court is required to impose a life sentence after Crumbley entered a guilty plea to murder. See OCGA §§ 16-5-1 (d); 16-1-3 (4). Therefore, the judgment is not void.

2. Moreover, the trial judge had the discretion to order Crumbley's state sentence to run concurrently with his federal sentence. See *Taylor v. Green*, 229 Ga. 164 (190 SE2d 66) (1972); *Huff v. State*, 135 Ga. App. 134, 135-136 (217 SE2d 187) (1975). We construe Crumbley's sentence to mean that his term of life imprisonment would run concurrently with his federal sentence *as soon as it was imposed*. See *Jenkins v. Montgomery*, 248 Ga. 696 (285 SE2d 706) (1982) (requiring doubtful sentences to be construed in favor of the individual). The four-month delay in federal court between Crumbley's guilty plea and sentencing did not void his valid state sentence. Accordingly, we affirm the trial court's denial of Crumbley's motion.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1991.

Troy Paul Crumbley, *pro se.*

*Lewis R. Slaton*, District Attorney, *Richard E. Hicks*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, for appellee.