## A09A0241. BROWN v. THE STATE.
### (678 SE2d 172)

MIKELL, Judge.

A Douglas County jury convicted Rodney Brown of armed robbery and possession of a firearm during the commission of certain crimes on October 22, 2003. Brown was sentenced to serve life in prison on the armed robbery conviction and five years consecutively on the possession of a firearm conviction. Brown filed a motion for new trial, but upon being appointed new counsel, instructed counsel to dismiss the motion for new trial and submitted to counsel a "waiver of appeal," in which he waived his right to an appeal and

---

relieved counsel of further representation. On December 28, 2004, the trial court issued an order dismissing the motion and relieving counsel from her representation of Brown.

On August 12, 2008, Brown, appearing pro se, filed a motion to void judgment pursuant to OCGA § 17-9-4, in which he challenged the sufficiency of the evidence, the voluntariness of his confession, and his trial counsel's effectiveness. Brown also argued in his motion that the state violated his constitutional rights when it failed to reveal all deals. The trial court denied Brown's motion, concluding, inter alia, that the matters raised by Brown were related to alleged errors at trial, rather than the validity of his sentence. Brown appeals from the trial court's order.[1] For the reasons that follow, we dismiss the instant appeal.

Pursuant to OCGA § 17-9-4, "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

> To qualify for consideration as a motion filed pursuant to OCGA § 17-9-4, a motion to vacate a conviction as void must allege a ground upon which the judgment of conviction entered against a criminal defendant can be declared void. The denial of the motion is directly appealable if the convicted defendant raised in his motion allegations which would render his conviction void. If the ground raised is not one which would void the conviction, the motion does not qualify as [a] § 17-9-4 motion. In the latter circumstance, a convicted defendant must raise the issue in a direct appeal from the judgment of conviction, an extraordinary motion for new trial, a petition for writ of habeas corpus, or a motion in arrest of judgment.[2]

On appeal, Brown raises the same arguments that he raised below in his motion to void judgment. Specifically, he challenges the sufficiency of the evidence,[3] the trial court's *Jackson-Denno* ruling, the

---

[1] "The denial of a motion filed pursuant to OCGA § 17-9-4 is directly appealable." (Citation omitted.) *Wallace v. State*, 284 Ga. 429 (667 SE2d 590) (2008).

[2] (Citations omitted.) *Chester v. State*, 284 Ga. 162, 163 (2) (664 SE2d 220) (2008). See also *Shields v. State*, 276 Ga. 669, 670-671 (3) (581 SE2d 536) (2003) (requires dismissal of an appeal from the denial of an OCGA § 17-9-4 motion where a convicted defendant raises sufficiency of the evidence as an issue).

[3] As a part of his challenge to the sufficiency of the evidence, Brown appears to argue that his conviction is void because he was not indicted as a party to the crime of armed robbery. Our Supreme Court rejected this same argument in *Byrum v. State*, 282 Ga. 608 (652 SE2d 557)

effectiveness of trial counsel, and the state's failure to reveal all deals. Because Brown does not raise any errors that would void his conviction, we dismiss his appeal.[4]

*Appeal dismissed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 8, 2009.

Rodney Brown, *pro se*.

*David McDade, District Attorney, James E. Barker, James A. Dooley, Assistant District Attorneys*, for appellee.

(2007), holding that "OCGA § 16-2-21 does not require that one who is a party to the crime be indicted as a party; rather, it provides that one who is a party to the crime may be indicted, convicted and punished for that crime upon proof that he was a party to the crime." (Citation and punctuation omitted.) Id. at 609 (2).

 [4] See *Collins v. State*, 277 Ga. 586, 587 (591 SE2d 820) (2004).