A09A0987. DOYLE v. THE STATE.
(684 SE2d 135)

SMITH, Presiding Judge.

Robert Doyle, pro se, appeals from an order denying his motion to correct an allegedly void judgment under OCGA § 17-9-4. He asserts that he received ineffective assistance of counsel; that his plea was involuntary; that he was denied an evidentiary hearing in violation of his due process rights; and that the trial court improperly enhanced his sentence with prior guilty pleas. Because we lack jurisdiction to consider these claims, we must dismiss Doyle's appeal.

The record shows that Doyle pled guilty on March 31, 2006. Over two years later, Doyle moved, pro se, to correct a void judgment under OCGA § 17-9-4. In his motion, Doyle did not explain the reason his judgment of conviction was allegedly void. The trial court denied Doyle's motion based on its conclusions that the time for direct appeal had passed, that the only remedy available to Doyle was a petition for habeas corpus, and that the sentencing court's juris-

diction was proper. Doyle filed a notice of appeal from this order within 30 days.

OCGA § 17-9-4 provides: "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

> To qualify for consideration as a motion filed pursuant to OCGA § 17-9-4, a motion to vacate a conviction as void must allege a ground upon which the judgment of conviction entered against a criminal defendant can be declared void. The denial of the motion is directly appealable if the convicted defendant raised in his motion allegations which would render his conviction void. If the ground raised is not one which would void the conviction, the motion does not qualify as [a] § 17-9-4 motion. In the latter circumstance, a convicted defendant must raise the issue in a direct appeal from the judgment of conviction, an extraordinary motion for new trial, a petition for writ of habeas corpus, or a motion in arrest of judgment.

(Citations omitted.) *Chester v. State*, 284 Ga. 162, 163 (2) (664 SE2d 220) (2008). Because Doyle does not assert any errors that would void his conviction, we must dismiss his appeal. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009).

*Appeal dismissed. Phipps and Bernes, JJ., concur.*

DECIDED SEPTEMBER 14, 2009.

Robert N. Doyle, *pro se*.
*Samuel H. Altman, District Attorney, John A. Fitzner III, Assistant District Attorney*, for appellee.