# Court of Appeals
# of the State of Georgia

ATLANTA,   May 22, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1670.  BRIAN M. WILLIAMS v. THE STATE.**

In 2008, Brian M. Williams pled guilty to robbery and received a 16-year sentence.  In 2010, he filed a "Motion for Reduction of Sentence," arguing that his sentence was harsh and his trial counsel ineffective.  The trial court initially dismissed the motion for failure to serve the District Attorney with a copy but ultimately ruled that it lacked jurisdiction to rule on the motion.  Williams filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once this statutory period expires, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  "A sentence is void if the court imposes punishment that the law does not allow."  (Punctuation omitted.)  Id. Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law.  *Frazier*, supra.

Further, a direct appeal does not lie from the denial of an untimely motion seeking to modify a sentence unless the motion raises a colorable claim that the sentence is, in fact, void.  *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005). Allegations that merely question the fairness of a sentence do not raise a colorable claim of voidness and cannot form the basis for an appeal.  *Jones*, supra at 670-671. Additionally, a motion alleging ineffective assistance of counsel does not assert a ground upon which a sentence can be declared void.  See *Brown v. State*, 297

Ga. App. 738 (678 SE2d 172) (2009).

Williams's motion for sentence modification was not timely under OCGA § 17-10-1 (f). Nor does he allege that his sentence is void. Rather, he alleges that it is harsh. Consequently, Williams's allegations cannot form the basis of an appeal, and this appeal is therefore DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/22/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*