# Court of Appeals
# of the State of Georgia

ATLANTA,  April 10, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1213.  WALTER PARKER, JR. v. THE STATE.**

Walter Parker pled guilty to aggravated assault.  He later filed a "Motion to Vacate Void Judgment of Conviction and Sentence," claiming that he had received ineffective assistance of counsel.  The trial court denied the motion, and Parker appeals.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  A motion alleging ineffective assistance of counsel does not assert a ground upon which a sentence can be declared void.  See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009).

Because Parker has not raised a colorable claim that his sentence is void, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 04/10/2013
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*