# Court of Appeals
# of the State of Georgia

ATLANTA,  May 31, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0364.  GREGORY J. LOWE v. THE STATE.**

Gregory Lowe pled guilty to armed robbery, kidnapping with bodily injury, giving a false name, and theft by taking in April of 1998.  In March of 2013, Lowe filed an extraordinary motion to modify his sentence and to void his judgment of conviction.  The trial court denied the motion, and Lowe filed an application for discretionary appeal.

Lowe argues that his conviction and sentence are void because he was mentally ill when he entered his plea and that he received ineffective assistance of counsel. Although a direct appeal may lie from an order denying a motion to correct a void sentence, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."[1]  Any appeal from an order denying or dismissing such a motion must be dismissed.[2]

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Here, Lowe does not assert a valid void sentence claim, arguing instead that his conviction was void due to his mental state.  Lowe also

---

[1] *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).

[2] See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

claims his counsel was ineffective, but a motion alleging ineffective assistance of counsel does not assert a ground upon which a sentence can be declared void. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009).

Because Lowe is precluded from attacking his conviction and has not raised a colorable void-sentence claim, his appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* <u>05/31/2013</u>
   *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



             , *Clerk.*