# Court of Appeals
# of the State of Georgia

ATLANTA, February 05, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0689.  VICTOR CHARLES DAMIANO v. THE STATE.**

In 2009, Victor Charles Damiano pled guilty to several offenses, including aggravated child molestation and incest. In 2013, he filed a "Motion to Modify a Void Sentence and De Novo Review," arguing that his indictment was flawed and that his sentence is too harsh. The trial court denied the motion, and Damiano appeals. We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his motion, Damiano did not contend that his sentence was outside the statutory maximum. Instead, he argued that his indictment was deficient and that his sentence was too harsh when compared to sentences received by other offenders.

These are not colorable void-sentence arguments. See id. Accordingly, Damiano's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
            *Clerk's Office, Atlanta,* 02/05/2014
            *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
            *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*