# Court of Appeals
# of the State of Georgia

ATLANTA, February 07, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0824. LEWIS BOGAN v. THE STATE.**

In 1997, Lewis Bogan was convicted of theft by receiving stolen property, aggravated assault, and robbery by sudden snatching, and his convictions were affirmed on appeal. See *Bogan v. State*, 249 Ga. App. 242 (547 SE2d 326) (2001). In October 2013, Bogan filed a pro se "Motion to Vacate an Illegal Conviction and a Void Sentence," claiming the trial court improperly charged the jury and he received ineffective assistance of counsel. The trial court denied the motion on November 13, 2013, and Bogan filed his pro se notice of appeal on December 18, 2013. We lack jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because Bogan did not file his notice of appeal until 35 days after entry of the order he seeks to appeal, his appeal is untimely.

Even if Bogan had filed a timely notice of appeal, this appeal would be subject to dismissal. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009). Once this statutory period expires, as it has here, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *von Thomas v. State*, 293 Ga. 569,

571 (748 SE2d 446) (2013).

Here, Bogan's challenge to the jury charges is a challenge to the procedure employed, not to the sentence and, therefore, is not a valid void sentence argument. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Likewise, a challenge alleging ineffective assistance of counsel does not assert a ground upon which a sentence can be declared void. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009). The Supreme Court has made it clear that a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/07/2014
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*