# Court of Appeals
# of the State of Georgia

ATLANTA,   March 03, 2014

*The Court of Appeals hereby passes the following order:*

**A13A2278. ADALBERTO CERVANTES v. THE STATE.**

In 2010, Adalberto Cervantes pled guilty to conspiracy to commit trafficking in cocaine. He was sentenced to 30 years, 25 of which was to be served in confinement. On May 20, 2013, Cervantes filed a pro se motion to modify his sentence, arguing that the sentence exceeded the maximum allowed under OCGA § 16-13-31. The trial court denied the motion, and Cervantes appeals. We lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A sentence that falls within the statutory range of punishment is not void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Cervantes argued that his sentence is excessive. However, OCGA § 16-13-31 (h) permits a sentence of 30 years, which is the sentence Cervantes received. Cervantes, therefore, has failed to raise a colorable void-sentence claim in the case before us, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 03/03/2014
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ Stephen E. Castlen _____ , *Clerk.*