# Court of Appeals
# of the State of Georgia

ATLANTA,  December 22, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0633. TONY E. FLOYD v. THE STATE.**

In 1987, Tony Floyd pled guilty to entering an automobile and was sentenced to four years, to be served concurrent with another conviction in a separate case. On August 28, 2014, Floyd filed a motion to vacate a void sentence, arguing that his conviction was supposed to be classified as a misdemeanor and not a felony. The trial court denied the motion, finding that the sentence length specifically shows the court's intention to treat the conviction as a felony. Floyd appeals from that order.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Floyd filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Floyd's sentence fell within the range allowed by law for a felony conviction of entering an automobile. Floyd does not dispute this fact. Rather, he contends he was wrongly convicted of a felony instead of a misdemeanor. This,

however, is a challenge to his conviction, not his sentence, and does not assert grounds upon which a sentence can be declared void. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009). Because Floyd does not argue that his sentence exceeds the statutory maximum for his offense, he has not raised a colorable void sentence argument. Accordingly, Floyd's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,*_____12/22/2014_____
         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*