# Court of Appeals
# of the State of Georgia

ATLANTA,  December 19, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0494. JOHN THURMAN v. THE STATE.**

In 2006, John Thurman pled guilty to a number of offenses, including armed robbery. In 2014, Thurman filed a motion to modify his sentence, arguing that the trial court should "install a more lenient sentence" because "errors in his plea colloquy" raise a question as to the voluntariness of his plea. The trial court denied the motion, and Thurman now appeals.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Thurman filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void." (Citation and punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

Here, Thurman argues that his sentence should be modified because his plea was not voluntary and intelligent. This is a challenge to the validity of his convictions, not his sentence, and does not assert grounds upon which a sentence can be declared void. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009). Because Thurman does not argue that his sentence exceeds the statutory maximum

for his offenses, he has not raised a colorable void sentence argument. Accordingly, his appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/19/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*