# Court of Appeals
# of the State of Georgia

ATLANTA,  December 17, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0436. ANTHONY ABBOTT SARVIS, JR. v. THE STATE.**

In 2010, Anthony Sarvis, Jr., pled guilty to vandalism to a place of worship (count 1), interference with government property (count 2) and public drunkenness (count 3). He was sentenced as a recidivist to five years on count one, a consecutive term of five years on count two, and a consecutive term of twelve months on count three. He filed a motion to correct a void sentence in 2014, which the trial court denied. Sarvis now appeals.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Sarvis filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void." (Citation and punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

Here, Sarvis argues that his sentence is void because the evidence was insufficient to support his convictions and he received ineffective assistance of counsel. These are challenges to the validity of his convictions, not his sentence, and do not assert grounds upon which a sentence can be declared void. See *Brown v.*

*State*, 297 Ga. App. 738 (678 SE2d 172) (2009). Sarvis also alleges that the State failed to properly notify him of its intention to charge him as a recidivist, but "such notice requirements are procedural and not substantive in nature. And the failure to adhere to such procedures . . . does not render sentences imposed without such procedures 'void' so as to secure direct appellate review subsequent to the first appeal." (Punctuation and citations omitted.) *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009). Because Sarvis does not argue that his sentence exceeds the statutory maximum for his offenses, he has not raised a colorable void sentence argument. Accordingly, Sarvis' appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*___12/17/2014___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*