# Court of Appeals
# of the State of Georgia

ATLANTA,__January 09, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A0671. RODNEY PETERSON v. THE STATE.**

In 2007, Rodney Peterson pled guilty to multiple offenses, including aggravated assault. He later filed a motion to vacate and set aside the judgment, which the trial court denied. Peterson sought discretionary review of this order, but we dismissed the application because it was not timely filed.[1] Peterson subsequently filed a motion to correct a void sentence, which the trial court denied. Peterson filed a notice of appeal and an application for discretionary appeal of the trial court's order. We dismissed both based upon his failure to raise a valid void-sentence claim.[2] Peterson then filed a motion to vacate and void illegal conviction, which the trial court dismissed on September 17, 2014.[3] Peterson filed both a notice of appeal and an application for discretionary appeal of the trial court's order. We dismissed the application for discretionary appeal based on a lack of jurisdiction.[4] We likewise must dismiss this direct appeal based on a lack of jurisdiction.

As the Supreme Court has made clear, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures

---

[1] *Peterson v. State*, A12D0274 (dismissed March 2, 2012).

[2] *Peterson v. State*, A13D0183 (dismissed Jan. 23, 2013); *Peterson v. State*, A14A0255 (dismissed Oct. 8, 2013).

[3] The trial court noted in its order that it had considered and denied Peterson's allegations in a previous motion filed in 2012.

[4] *Peterson v. State*, A15D0093 (dismissed October 28, 2014).

for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.[5] A claim that two convictions should have been merged constitutes an attack on the convictions, not the sentence, and an order denying or dismissing such an attack is not subject to appeal.[6] Likewise, a challenge alleging ineffective assistance of counsel does not assert a ground upon which a conviction can be declared void.[7] Under these circumstances, we lack jurisdiction to consider the merits of this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/09/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[5] See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).

[6] See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

[7] See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009).