# Court of Appeals
# of the State of Georgia

ATLANTA,___March 23, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1307.  BRUCE M. GREER v. THE STATE.**

In 2000, Bruce Greer was convicted of armed robbery, aggravated assault, and other crimes.  We affirmed his convictions in an unpublished opinion.  See *Greer v. State*, Case No. A03A0526 (decided March 19, 2003).[1]  In September 2014, Greer filed a motion to vacate a void sentence.  The trial court denied his motion, and Greer appeals.  We, however, lack jurisdiction.

An appeal may lie from an order denying a motion to vacate a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  In his motion, Greer argued that the prosecutor was biased against him, suppressed exculpatory evidence, and used perjured testimony.[2]  These

---

[1] Greer later filed an extraordinary motion for new trial, which the trial court denied.  He sought discretionary review of that ruling, but we denied his application. See *Greer v. State*, Application No. A09D0332 (decided May 11, 2009).  Greer then filed a "Motion to Vacate And/Or Set Aside Judgment Obtained By Perjury," which the trial court also denied.  Greer  appealed directly to this Court, but we dismissed the appeal for lack of jurisdiction.  See *Greer v. State*, Case No. A14A1029 (dismissed March 21, 2014).

[2] Greer also briefly challenged the validity of a 1997 probation revocation.  But a timely application for discretionary appeal is required to appeal an order whose underlying subject matter is the revocation of probation.  See OCGA § 5-6-35 (a) (5);

are challenges to the validity of his convictions, not his sentence, and they do not assert grounds upon which his sentence can be declared void. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009). Because Greer did not argue that his sentence exceeds the statutory maximum for his offenses, he did not raise a colorable void sentence argument. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____03/23/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

*White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998).