# Court of Appeals
# of the State of Georgia

ATLANTA,___June 22, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A1723. CLYDE MARTIN, JR. v. THE STATE.

In April 2000, Clyde Martin, Jr. pled guilty to possession of cocaine with intent to distribute and possession of a firearm by a convicted felon. In February 2015, Martin filed a motion to vacate a void sentence, arguing that his sentence is void because he entered a negotiated plea to possession of cocaine rather than possession of cocaine with intent to distribute. The trial court denied the motion and Martin filed this direct appeal. We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, despite Martin's argument to the contrary, the record shows that Martin pled guilty to possession of cocaine with intent to distribute and was sentenced to 30 years imprisonment, 10 years to serve in prison without parole pursuant to the repeat offender statute and 20 years to serve on probation. This sentence does not impose punishment that the law does not allow. See OCGA §§ 16-13-30 (d); 17-10-7. Because Martin did not raise a colorable void sentence argument, this appeal must be

DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _____06/22/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*