# Court of Appeals
# of the State of Georgia

ATLANTA,   December 09, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0316.  FREDERICK DWIGHT GREEN v. THE STATE.**

In 2008, Frederick Dwight Green was convicted of armed robbery and aggravated assault. The jury, however, found him not guilty of two counts of possession of a firearm during the commission of a crime. We affirmed Green's convictions and sentence in an unpublished opinion. *Green v. State*, Case No. A09A1273 (decided Sept. 8, 2009). Green subsequently filed a pro se motion, arguing that because the jury found him not guilty of possession of a firearm, it obviously found that no gun was involved. Green insists that, in light of this finding, his convictions for aggravated assault and armed robbery are void. The trial court denied Green's motion, and he then filed this appeal.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*,

293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Green did not contend that his sentence was outside the statutory maximum for his offenses. Instead, he argued that his convictions are invalid because they are based on inconsistent verdicts. This is not a colorable void-sentence argument. See id.

Moreover, the Supreme Court recently overruled its prior precedent barring mutually exclusive verdicts. See *State v. Springer*, 297 Ga. 376 (2) (774 SE2d 106) (2015). See also *Williams v. State*, __ Ga. __ (Case No. S15A0939, decided Nov. 2, 2015) (applying *Springer* rule in a case where the conviction was entered in 2008); *Driskell v. State*, __ Ga. App. __ (Case No. A15A1443, decided Sept. 23, 2015) (With *Springer*, "the inconsistent verdict rule has been abolished in Georgia.").

Because Green did not raise a colorable void-sentence argument, we lack jurisdiction to review the trial court's denial of his motion. See *Roberts*, supra. Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____12/09/2015_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.