# Court of Appeals
# of the State of Georgia

ATLANTA,  March 02, 2016

*The Court of Appeals hereby passes the following order:*

## A16A0914. BRUCE WAYNE HUEY v. THE STATE.

A jury found Bruce Wayne Huey guilty of aggravated child molestation, and his conviction was affirmed on appeal. See *Huey v. State*, Case No. A12A1698 (decided March 29, 2013). In July 2015, Huey filed a pro se motion to vacate void sentence, arguing that the trial court erred in sentencing him to both life imprisonment and a split sentence of 25 years mandatory minimum, then life on probation. The trial court denied Huey's motion, and this direct appeal followed. We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, despite Huey's argument to the contrary, the record shows that Huey was sentenced to Life based on his conviction for aggravated child molestation. The disposition goes on to read: "HOWEVER, it is further ordered by the Court . . . THAT upon service of 25 YEARS DOC of the above sentence, the remainder of BALANCE may be served on probation . . ." This sentence does not impose

punishment that the law does not allow. See OCGA §§ 16-6-4 (d); 17-10-7. Because Huey did not raise a colorable void sentence argument, this appeal must be DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*_____03/02/2016_____
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*