# Court of Appeals
# of the State of Georgia

ATLANTA,    May 25, 2016

*The Court of Appeals hereby passes the following order:*

**A16D0365. GARY FORD v. THE STATE.**

On August 25, 2009, Gary Ford pled guilty to aggravated battery, robbery by force, and battery. Ford subsequently filed a number of motions to vacate, which the trial court denied. Most recently, Ford filed a "Petition for Equitable Relief from Judgment Due to Fraud," which the trial court construed as a motion to vacate. The trial court denied the motion on April 5, 2016, and Ford filed this direct appeal. We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Accordingly, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Ford does not argue that his sentence exceeded legal limits; rather, he claims, among other arguments, that he was fraudulently indicted and received

ineffective assistance of counsel. These are challenges to the validity of his convictions, not his sentence. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009) (challenge alleging ineffective assistance of counsel does not assert a ground upon which a conviction can be declared void); *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge regarding indictment does not raise a valid void sentence claim). Because Taylor has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction. See *Roberts*, supra. Because Ford has not raised a colorable argument that his sentence is void, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*_____05/25/2016_____
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*