# Court of Appeals
# of the State of Georgia

ATLANTA,     July 18, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1862. FREDERICK D. GREEN v. THE STATE.**

In 2008, a jury convicted Frederick Dwight Green of armed robbery and aggravated assault, and we affirmed his convictions on appeal. See *Green v. State*, Case No. A09A1273 (decided Sept. 8, 2009). Green filed a motion to vacate his convictions. The trial court denied the motion, and Green appealed. We dismissed the appeal based upon Green's failure to allege a valid void sentence argument. See *Green v. State*, Case No. A16A0316 (dismissed Dec. 9, 2015). Green has now filed a "Second Motion to Vacate, Set Aside, Modify or Correct Null [and] Void Sentence." The trial court denied the motion, and Green filed this appeal.

In construing Green's motion, we look to the substance of the motion rather than its nomenclature. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature). Here, Green purports to file a motion to vacate a void sentence. A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Green does not argue, however, that the sentence imposed exceeds that authorized by law. Rather, he claims, among other arguments, that the trial court erred in charging the jury and that he received ineffective assistance of counsel. These are challenges to the validity of Green's convictions, not his sentence. See, e. g., *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) (whether sentence is allowed by law does not turn on the existence or validity of factual or adjudicative predicates); *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009) (challenge alleging ineffective assistance of counsel does not assert a ground upon which a conviction can be declared void).

As we have already informed Green, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Green has once again failed to allege a valid void sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _____07/18/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*