# Court of Appeals
# of the State of Georgia

ATLANTA,  December 18, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0117. STACIE ELIZABETH LEIPOLD v. THE STATE.**

In 2017, Stacie Elizabeth Leipold entered *Alford*[1] pleas to several counts, including four counts of violation of the Street Gang Terrorism and Prevention Act, and the trial court sentenced her to 25 years, with 12 to serve. In 2022, Leipold filed an "out-of-time motion to reduce/modify sentence" asking the trial court to reduce her sentence. The trial court denied the motion, and Leipold filed this appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a sentence if it is void. Id. Although a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, such an appeal is authorized only where the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von*

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

*Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Leipold does not allege that her sentence exceeded the maximum punishment the law allows. Rather, she requests that the trial court reconsider the sentence and enter a more lenient sentence. Because Leipold has not raised a valid void-sentence claim, the appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/18/2023          *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*