A06A0583. DOWLING v. THE STATE.
(630 SE2d 143)

RUFFIN, Chief Judge.

In 1994, David Allan Dowling pleaded guilty to four counts of aggravated child molestation, six counts of child molestation, two counts of rape, and one count of aggravated sodomy. Over eleven years later, he moved to vacate his convictions and sentences, asserting that the trial court improperly sentenced him to three consecutive twenty-year terms. According to Dowling, the court should have imposed one twenty-year sentence. The trial court denied the motion, and Dowling appeals. Finding no error, we affirm.[1]

A trial court generally lacks jurisdiction to modify a sentence imposed many years ago.[2] But "[w]here a sentence is void, . . . the

---

[18] See OCGA § 19-11-12 (e).

[19] See *Robertson*, supra.

[1] Dowling's motion to correct the docketing number on his Brief of Appellant is hereby granted. In resolving this appeal, we have considered the brief Dowling submitted in Case No. A06A0756.

[2] See *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

court may resentence the defendant at any time."[3] A void sentence results "if the court imposes punishment that the law does not allow."[4]

Dowling contends that his 60-year prison term and the underlying convictions are void because the trial court dispensed consecutive sentences. The record shows, however, that Dowling pleaded guilty to numerous disparate offenses involving different elements. And a trial court has discretion to impose consecutive sentences for separate offenses.[5] As specified by the legislature, "[w]here at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently *unless otherwise expressly provided therein.*"[6]

Despite clear Georgia authority permitting consecutive sentences, Dowling argues that such sentences are invalid because they violate the rule of lenity. Under this rule, " '[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered.' "[7] Thus, when the same conduct supports a conviction for a felony and a misdemeanor, the accused is entitled to misdemeanor sentencing.[8] Similarly, if statutory ambiguity creates uncertainty as to which sentencing scheme applies, the lesser penalty prevails.[9]

In this case, no statutory uncertainty exists. The applicable penal statute — OCGA § 17-10-10 (a) — clearly states that multiple sentences will run concurrently unless the trial court expressly provides otherwise. Dowling pleaded guilty to thirteen different criminal offenses, and the trial court explained in detail how the sentences on those various convictions would run, including that Dowling would be sentenced to three consecutive twenty-year terms. Nothing in the court's ruling or the language of OCGA § 17-10-10 implicates the rule of lenity. Neither the statute nor the ruling is ambiguous; the trial court had discretion to impose consecutive sentences, which it exercised here. And although Dowling now claims that the United States Supreme Court and the Supreme Court of

---

[3] Id.

[4] Id.

[5] See *Woodson v. State*, 268 Ga. App. 731, 732 (605 SE2d 822) (2004); *Hill v. State*, 259 Ga. App. 363, 365 (2) (577 SE2d 61) (2003).

[6] (Emphasis supplied.) OCGA § 17-10-10 (a).

[7] *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003).

[8] See *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004); *Quaweay v. State*, 274 Ga. App. 657, 658 (618 SE2d 707) (2005).

[9] See *Woods v. State*, 279 Ga. 28, 30 (3) (608 SE2d 631) (2005); see also *Salinas v. United States*, 522 U. S. 52, 66 (III) (118 SC 469, 139 LE2d 352) (1997) (rule of lenity "does not apply when a statute is unambiguous or when invoked to engraft an illogical requirement to its text").

Georgia "expressly forbid and prohibit" consecutive sentences, the cases he cites do not support his assertion.[10]

Dowling has not shown that his convictions and resulting sentences are illegal. Accordingly, the trial court properly denied his motion to vacate.[11]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 14, 2006 — 

David A. Dowling, *pro se.*
Daniel J. Porter, *District Attorney*, for appellee.

---

[10] See *United States v. Granderson*, 511 U. S. 39, 54 (114 SC 1259, 127 LE2d 611) (1994) (applying rule of lenity in determining the meaning of the phrase "original sentence" in federal probation revocation context); *Dixon*, supra (rule of lenity applies where "the same conduct would result in the imposition of dramatically different penalties under the two statutes").

[11] See *Crumbley*, supra; *Wright v. State*, 265 Ga. App. 188, 189 (1) (593 SE2d 391) (2004) (" 'There is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety.' ").