A07A1529. McCLENDON v. THE STATE.
(651 SE2d 820)

JOHNSON, Presiding Judge.

On August 30, 2001, Corey McClendon pled guilty to two counts of statutory rape, both of which occurred when he was eighteen years old and the victims were each fourteen years old. The trial court sentenced McClendon to concurrent ten-year sentences, ordering that they could be served on probation. In February 2007, McClendon filed a petition asking the trial court to correct what he deems to be a void felony sentence, citing the recently enacted version of the statutory rape Code section, which provides: "If the victim is at least 14 but less than 16 years of age and the person convicted of statutory

rape is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor."[1]

The trial court dismissed the petition, finding that it had been filed outside the appropriate term of court and thus the court no longer has jurisdiction over the matter. McClendon appeals from the dismissal of his petition to correct a void sentence.

As the state notes in its appellate brief, McClendon's sentence is not void because it was authorized by the law as it existed at the time of his conviction.[2] At that time, OCGA § 16-6-3 (b) provided:

> A person convicted of the offense of statutory rape shall be punished by imprisonment for not less than one nor more than 20 years; . . . provided, further, that if the victim is 14 or 15 years of age and the person so convicted is no more than three years older than the victim, such person shall be guilty of a misdemeanor.

Since McClendon was more than three years older than the victims, the misdemeanor sentence portion of the statute did not apply.

Moreover, pretermitting the question of whether or not McClendon's sentence is void is the fact that the trial court correctly dismissed McClendon's petition to vacate a void sentence.

> [A] void sentence alone does not discharge a defendant who has pled guilty. Rather, a defendant must take affirmative action to seek the withdrawal of his plea. In many cases, a defendant will choose to maintain his plea and avoid the risk of trial. Thus, in cases where there is a void sentence, but no motion to withdraw prior to resentencing, the rule remains that further relief must be sought through habeas corpus.[3]

In the instant case, McClendon claims a void sentence but has made no motion to withdraw his guilty plea. Accordingly, further relief must be sought through habeas corpus.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 11, 2007 — ■■■■■■■■

Corey McClendon, *pro se.*

---

[1] OCGA § 16-6-3 (c).

[2] See *Harrison v. State*, 201 Ga. App. 577, 583 (5) (411 SE2d 738) (1991) (a sentence that is unauthorized by law is void).

[3] *Kaiser v. State*, 285 Ga. App. 63, 68 (1) (646 SE2d 84) (2007).

*Richard G. Milam, District Attorney, Rita B. Lewis, Assistant District Attorney,* for appellee.