## S09A1604. ROONEY v. THE STATE.
(690 SE2d 804)

CARLEY, Presiding Justice.

In 1995, John Rooney entered a negotiated plea of guilty to rape, aggravated sodomy, aggravated sexual battery, and three counts of battery. In an unpublished opinion, the Court of Appeals affirmed the denial of a motion for out-of-time appeal. *Rooney v. State*, 248 Ga. App. XXVII (2001). In the years since, Rooney has filed several motions to vacate his convictions and sentences.

In 2008, the trial court denied a motion to vacate void consecutive sentences due to the unconstitutionality of OCGA § 17-10-10. Acting pro se, Rooney appealed from that order, and this Court transferred the case to the Court of Appeals because the trial court did not rule upon the constitutional challenge. The Court of Appeals dismissed the appeal, and we granted certiorari and remanded the case to that court, stating that Rooney's claims were properly the subject of a motion to vacate a void sentence, the denial of which is directly appealable. The Court of Appeals remanded the case to the trial court for consideration and ruling on the constitutional challenge to OCGA § 17-10-10, and noted that an appeal to the proper court may be filed thereafter.

On April 3, 2009, the trial court entered an order analyzing and applying the rule that a constitutional attack on a state statute must be made at the first opportunity, and holding that "Rooney has waived his ability to assert a constitutional challenge to OCGA § 17-10-10 or any other statute in connection with his 1995 conviction." The trial court further found that "the constitutional challenges asserted by [Rooney] do not provide grounds for relief;

therefore, the Court specifically DENIES the . . . challenge to the constitutionality of OCGA § 17-10-10." Rooney filed a timely notice of appeal from that order to this Court. In a separate order, the trial court also denied a motion for appointment of counsel.

1. When a trial court rules that an attack upon the constitutionality of a statute is untimely, and refuses to consider and rule on the constitutional issue, an ensuing appeal does not come within this Court's exclusive appellate jurisdiction pursuant to Art. VI, Sec. VI, Par. II (1) of the Georgia Constitution of 1983 over cases in which the constitutionality of a law has been drawn into question. *Worley v. Save Oil Co.*, 231 Ga. 227 (200 SE2d 896) (1973). In this case, however, the trial court not only ruled on the timeliness of Rooney's constitutional challenges, it also made a distinct ruling, in the alternative, rejecting all of those challenges on the merits. Thus, if the trial court erred in finding that the challenges were untimely, we will exercise our jurisdiction to resolve the constitutional issues. See *Bell v. Austin*, 278 Ga. 844 (607 SE2d 569) (2005). Compare *Perez-Castillo v. State*, 275 Ga. 124, 125 (562 SE2d 184) (2002).

2. As noted above, we have already held on certiorari that Rooney's claims were properly the subject of a motion to vacate a void sentence. Because that order constitutes the law of the case, the trial court was not authorized to make any ruling to the contrary. " '[O]ur unreported nonprecedential decisions are still binding on the parties, for they establish the law of the case as provided by OCGA § 9-11-60 (h).' [Cit.]" *Moreton Rolleston, Jr., Living Trust v. Kennedy*, 277 Ga. 541, 542 (591 SE2d 834) (2004). " 'The "law of the case" doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. (Cit.)' [Cit.]" *Langlands v. State*, 282 Ga. 103, 104 (2) (646 SE2d 253) (2007).

Moreover, "a sentencing court retains jurisdiction to correct a void sentence at any time . . . ." *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999). See also *Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220) (2008), overruled on other grounds, *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009). The cases relied on by the trial court are clearly distinguishable, as they involved constitutional attacks on substantive criminal statutes, and did not resolve any contention that a sentence was void. See *Perez-Castillo v. State*, supra; *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999). Indeed, "the only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void[.] [Cits.]" *Williams v. State*, supra at 689 (2). " '[A] sentence is void if the court imposes punishment that the law does not allow (cit.)' ([cit.])." *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). Therefore, an attack on a sentence as unlawfully consecutive may be made at any time by means of a motion to vacate a void sentence. See *Chester v.*

*State,* supra; *Johnson v. State,* 298 Ga. App. 639, 643 (3) (680 SE2d 675) (2009). Furthermore, as we stated when previously granting certiorari, the denial of such a motion is directly appealable. *Williams v. State,* supra at 689 (1).

Accordingly, the trial court erred in ruling that Rooney's constitutional challenges to OCGA § 17-10-10 were waived, and we now proceed to consider those challenges on the merits.

3. All of Rooney's constitutional challenges are directed against subsection (a) of OCGA § 17-10-10, which provides as follows:

> Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein.

Interestingly, "[m]ost [s]tates continue the common-law tradition [of] entrust[ing] to judges' unfettered discretion the decision whether sentences for discrete offenses shall be served consecutively or concurrently." *Oregon v. Ice,* 555 U. S. 160 (129 SC 711, 172 LE2d 517) (2009).

Rooney first contends that OCGA § 17-10-10 (a) is void for vagueness. However, "[c]ourts have generally recognized that statutes which afford discretion to a sentencing court to impose consecutive sentences do not violate due process. [Cits.]" *State v. Jacobs,* 644 NW2d 695, 699 (IV) (Iowa 2001). As the Court of Appeals has correctly recognized, the imposition of consecutive sentences does not involve

> any denial of due process . . . . Prohibited behavior is described in various criminal statutes, along with possible punishments. Notice that the specific punishment will be determined as a matter of discretion upon consideration of the facts and circumstances of each case is also provided via statute.

*Jefferson v. State,* 209 Ga. App. 859, 863 (3) (434 SE2d 814) (1993). Contrary to one of Rooney's arguments, OCGA § 17-10-10 (a) does not conflict with specific sentencing provisions in Title 16.

> The discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence. In *United States v. Booker,* [543 U. S. 220, 233 (125 SC 738, 160 LE2d 621) (2005),] the Supreme Court observed that it has "never

4

doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." . . . We do not believe that the legislatively endowed, normative decision whether to cumulate sentences exceeds that level of discretion that the Supreme Court has always recognized as consistent with due process. The Legislature has charged the trial court with the determination of whether to cumulate, and the trial court is free to make this determination so long as the individual sentences are not elevated beyond their respective statutory maximums.

*Barrow v. State*, 207 SW3d 377, 381-382 (Tex. Crim. App. 2006).

Rooney also argues that OCGA § 17-10-10 (a) is unconstitutional under the rule of lenity. However, that rule cannot itself render any statute unconstitutional. See *Lurie v. Wittner*, 228 F3d 113, 126 (2nd Cir. 2000). To the contrary, its application may render a statute constitutional. "It follows that [Rooney's] invocation of the rule of lenity does not add anything to his [vagueness] argument." *Ortiz v. N.Y.S. Parole in Bronx, N.Y.*, 586 F3d 149, 158, fn. 4 (2nd Cir. 2009). It is a rule of construction which " 'applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute.' " *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007). Nothing in either the sentences imposed in this case "or the language of OCGA § 17-10-10 implicates the rule of lenity. Neither the statute nor the [sentences are] ambiguous; the trial court had discretion to impose consecutive sentences, which it exercised here." *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006).

Rooney further contends that OCGA § 17-10-10 (a) is unconstitutional under the requirement that separate convictions and sentences for certain continuous criminal acts must merge. See *Ingram v. State*, 279 Ga. 132, 133 (2) (610 SE2d 21) (2005). Compare *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). However, such requirement, like the rule of lenity, is simply not implicated by the statute. OCGA § 17-10-10 (a) does not mandate the disregard of any necessary merger. Instead, it provides for the trial court's determination of whether authorized sentences run consecutively or concurrently.

Citing *Apprendi v. New Jersey*, 530 U. S. 466 (120 SC 2348, 147 LE2d 435) (2000) and its progeny, Rooney urges that OCGA § 17-10-10 (a) violates the Sixth Amendment requirement that any fact exposing a defendant to a greater potential sentence must be found by a jury and not by a judge. "These decisions do not, however, speak to a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete

fact-finding, but is wholly discretionary." *Barrow v. State*, supra at 379. *Apprendi* does not apply here because "[t]he imposition of consecutive sentences did not depend on the finding of a statutorily prescribed fact. [Cit.]" *State v. Jacobs*, supra. Moreover, even if OCGA § 17-10-10 (a) did require such factfinding, the Sixth Amendment would not "mandate jury determination of any fact declared necessary to the imposition of consecutive, in lieu of concurrent, sentences[.]" *Oregon v. Ice*, supra.

Rooney also contends that OCGA § 17-10-10 (a) denies equal protection rights, because whether similarly situated defendants receive consecutive or concurrent sentences depends on the particular sentencing court.

> "Where a criminal statute does not discriminate on racial grounds or against a suspect class, equal protection and due process concerns are satisfied if the statute bears a 'reasonable relation to a proper legislative purpose' and is 'neither arbitrary nor discriminatory.' (Cits.)" [Cit.]

*Campbell v. State*, 268 Ga. 44, 46 (4) (485 SE2d 185) (1997). Defendants sentenced under OCGA § 17-10-10 (a) "are neither a suspect nor a semisuspect class. [Cit.] And while [that statute] affects an individual's physical liberty interest, physical liberty, in this sentencing context, is not a fundamental right. [Cit.]" *State v. King*, 202 P3d 351, 354 (Wash. App. 2009). See also *Drew v. State*, 285 Ga. 848, 850 (2) (684 SE2d 608) (2009) ("a prisoner, by virtue of incarceration alone, is not a member of a suspect class for equal protection analysis"). OCGA § 17-10-10 (a) actually

> ensures proportionate punishment by giving the court the flexibility to hold a defendant accountable for each crime that he commits. . . . Discretion in fixing sentences furthers the goal of retaining some flexibility and individualized treatment at the punishment stage. [Cit.] Judges need flexibility in order to punish defendants based on specific circumstances. [Cit.] The defendant's particular situation, then, "furnish(es) a rational basis for varying the sentence and the resultant punishment that each defendant receives." [Cit.] [The statute] does not violate equal protection.

*State v. King*, supra. See also *Jefferson v. State*, supra ("A trial court's use of a mechanical sentencing formula or policy" contrary to OCGA § 17-10-10 "amounts to a refusal to exercise its discretion and is therefore an abdication of judicial responsibility. [Cit.]").

Rooney further asserts that, because consecutive sentences under OCGA § 17-10-10 (a) are arbitrary and disproportionate, they constitute cruel and unusual punishment in violation of the Eighth Amendment.

> "Traditionally, it is the task of the legislature, not the courts, to define crimes and set the range of sentences. (Cits.) The legislature's choice of sentence is insulated from judicial review unless it is wholly irrational or so grossly disproportionate to the severity of the crime that it constitutes cruel and unusual punishment." [Cits.]

*Campbell v. State*, supra at 45-46 (2).

> When considering whether a cumulative prison term imposed for multiple offenses is cruel and unusual punishment, several federal courts of appeals have concluded that the Eighth Amendment proportionality review does not apply to cumulative sentences. . . . "Eighth amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence." [Cits.] . . . Several . . . states have reached similar conclusions. . . . "[I]f a proportionality review were to consider the cumulative effect of all the sentences imposed, the result would be the possibility that a defendant could generate an Eighth Amendment disproportionality claim simply because that defendant had engaged in repeated criminal activity." [Cits.] . . . In accord with this analysis, we conclude that, for purposes of the Eighth Amendment . . . , proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment.

*State v. Hairston*, 888 NE2d 1073, 1077-1078 (Ohio 2008).

We reject all of Rooney's constitutional challenges to OCGA § 17-10-10 (a). "Indeed, there is 'no constitutionally cognizable right to concurrent, rather than consecutive, sentences.' [Cit.]" *United States v. Chorin*, 322 F3d 274, 278 (III) (3rd Cir. 2003). See also *Jones v. State*, 232 Ga. 771, 776-777 (7) (208 SE2d 825) (1974) (where consecutive "sentences imposed are within the statutory limits . . . , they are not unconstitutional. [Cits.]").

4. Rooney also contends that the trial court violated the Sixth Amendment by failing to appoint counsel for this direct appeal. "Following judgment and entry of notice of appeal, a trial court retains jurisdiction over certain matters including appointment of counsel on appeal. [Cit.]" *Spear v. State,* 271 Ga. App. 845 (1), fn. 1 (610 SE2d 642) (2005). However, "[a]n indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence. [Cits.]" *Orr v. State,* 276 Ga. 91, 93 (3) (575 SE2d 444) (2003). Thus, an indigent defendant who, like Rooney, has filed a motion to vacate void sentences is not entitled to counsel to pursue either the motion or an appeal from the denial thereof. See *Orr v. State,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 2010 —
RECONSIDERATION DENIED APRIL 8, 2010.

John Rooney, *pro se.*
Daniel J. Porter, District Attorney, Stephen A. Fern, Phil Wiley, Assistant District Attorneys, for appellee.