## A11A0755. SIMPSON v. THE STATE.
### (715 SE2d 675)

ELLINGTON, Chief Judge.

In 1988, a Fulton County jury found James Simpson guilty beyond a reasonable doubt of three counts of armed robbery, OCGA § 16-8-41 (a). The trial court sentenced him as follows: Count 1, 20 years imprisonment; Count 2, 20 years imprisonment, consecutive to the sentence on Count 1; Count 3, 20 years imprisonment, concurrent with the sentence on Count 2. In 2009, Simpson filed a "Motion to Set Aside Null and Void Conviction and Sentence." The trial court denied the motion, and Simpson appeals, contending that the sentences are unlawfully consecutive.[1] Simpson argues that the sentences impose multiple punishments "for the same offense" in violation of the prohibition of double jeopardy.

This argument lacks merit. Count 1 charged Simpson with robbing one victim on May 9, 1987, and Count 2 charged him with robbing the same victim again on May 28, 1987. Count 3 charged him with robbing a second victim on May 29, 1987. Although these three discrete transactions occurred in the same month and violated the same Code section, they do not constitute "the same conduct" under OCGA § 16-1-7 (a) (1).[2] *Booker v. State,* 231 Ga. 598, 599 (1) (203 SE2d 194) (1974) (Where the defendant committed one armed robbery and, one week later, robbed a different victim at a different location, the armed robberies did not arise from "the same conduct."); *Syas v. State,* 273 Ga. App. 161, 164 (2) (614 SE2d 803) (2005) (Where the defendant carjacked one victim and, three days

---

[1] See *Rooney v. State,* 287 Ga. 1, 2-3 (2) (690 SE2d 804) (2010) (An attack on a sentence as unlawfully consecutive may be made at any time by means of a motion to vacate a void sentence, and the denial of such a motion is directly appealable.); OCGA § 17-9-4 (A judgment that is void for any cause "is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.").

[2] OCGA § 16-1-7 (a) (1) provides that "[w]hen the same conduct of an accused may establish the commission of more than one crime," the accused may not "be convicted of more than one crime if: . . . [o]ne crime is included in the other." OCGA § 16-1-6 provides that one crime is included in another when:

(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or

(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

later, robbed a different victim at a different location, the crimes did not arise from "the same conduct."); *Summers v. State*, 263 Ga. App. 338, 340-341 (587 SE2d 768) (2003) (Where the defendant over a period of months unlawfully passed to an accomplice financial identifying information belonging to 35 different victims, the multiple counts of identity fraud did not arise from "the same conduct."). Because Simpson's sentence was within the statutory range[3] and because the law allows separate and consecutive punishment for separate criminal transactions, the trial court did not err in denying Simpson's motion.[4] See *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010) ("A sentence is void if the court imposes punishment that the law does not allow.") (citation and punctuation omitted).

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED JUNE 15, 2011.

James C. Simpson, *pro se.*
Paul L. Howard, Jr., District Attorney, Arthur C. Walton, *Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-8-41 (b) ("A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years.").

[4] OCGA § 17-10-10 (a) ("Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein."); *Rooney v. State*, 287 Ga. at 3-6 (3) ("[T]here is no constitutionally cognizable right to concurrent, rather than consecutive, sentences." Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits.) (citations and punctuation omitted).