# Court of Appeals
# of the State of Georgia

ATLANTA, September 04, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0053.  JIMMIE D. HUDSON v. THE STATE.**

In 2004, Jimmie D. Hudson pled guilty to voluntary manslaughter, concealing the death of another person, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.  The trial court sentenced him to twenty years on the manslaughter charge, ten years on the concealment charge to run concurrently with the manslaughter sentence, and five years each on the two firearm possession charges to run consecutively to the manslaughter charge.  Hudson later filed a motion to correct a void sentence, which the trial court denied.  He now appeals.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Hudson concedes that his sentences fell within the permissible ranges of punishment for the crimes to which he pled guilty.  He argues, however, that his sentence was improperly "aggravated" because the trial court ran the firearm

possession sentences consecutively to the other sentences, rather than concurrently. Because it is well-established that "whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion," *Simpson v. State*, 310 Ga. App. 63, 64, n. 4 (715 SE2d 675) (2011), this is not a colorable void sentence claim. Hudson also argues that his firearm possession charges should have merged, but this is a challenge to his convictions, not his sentences. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013).

Because Hudson did not raise a colorable void sentence claim, we lack jurisdiction to consider this appeal. Accordingly, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/04/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*