# Court of Appeals
# of the State of Georgia

ATLANTA,  February 22, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1125. TRAVIS D. HODGES v. THE STATE.**

In June 2002, Travis D. Hodges pled guilty to three separate counts of armed robbery. He was sentenced to ten years in prison on each count, to be served consecutively. In March 2016, Hodges filed a "Motion to Correct an Illegal and/or Void Sentence," arguing, among other things, that the trial court should have run the ten-year sentences concurrently. The trial court denied the motion, Hodges filed a direct appeal from that order, and we dismissed the appeal. In our order, we noted that "whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion." *Simpson v. State*, 310 Ga. App. 63, 64 n. 4 (715 SE2d 675) (2011). See Case No. A16A2083 (dismissed Aug. 2, 2016). Hodges subsequently filed another Motion to Vacate a Void Sentence, arguing that the trial court committed reversible error in issuing consecutive sentences because that "deferred" sentencing. The trial court denied Hodges's motion on November 17, 2016, and Hodges filed his notice of appeal from that order on January 10, 2017. We lack jurisdiction for two reasons.

First, Hodges's appeal is untimely. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Hodges's notice of appeal is untimely, as it was filed 54 days after entry of the trial court's order.

Second, even if Hodges's notice of appeal had been timely, Hodges had no right to a direct appeal. A direct appeal may lie from an order denying a motion to

vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Hodges again asserts that his consecutive sentences are void. However, as stated in our last order, "whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion." *Simpson*, supra. And, contrary to Hodges's argument, running a sentence consecutively does not defer sentencing. Because Hodges has not raised a colorable void sentence claim, we lack jurisdiction over this appeal.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __02/22/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*