# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0815. MATTHEW CERCY v. THE STATE.**

In 1999, Matthew Cercy pled guilty to multiple offenses, including rape, kidnapping, aggravated assault, and aggravated sodomy. In sentencing him, the trial court ran several of the sentences consecutively.  In 2016, Cercy filed a motion to vacate a void sentence, arguing that OCGA § 17-10.6.1 precluded the trial court from entering consecutive sentences for serious violent felonies. The trial court denied the motion, and Cercy filed this appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

OCGA § 17-10-6.1 (b) provides that, for certain offenses such as kidnapping and rape, "no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court." In a novel legal argument, Cercy equates deferment with running a sentence consecutively. A sentence is deferred, however, when sentence is not imposed. See, e. g., *O'Ree v. State*, 172 Ga. App. 51 (322 SE2d 89) (1984). Here, Cercy's sentence was not deferred;

rather, his sentences were run consecutively. And Georgia law clearly recognizes the authority of a judge to impose consecutive sentences. See *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010) (a trial court has discretion to impose consecutive or concurrent sentences for multiple offenses as long as the sentence for each offense is within the statutory limits). Because Cercy has not raised a colorable void sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/13/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*