# Court of Appeals
# of the State of Georgia

ATLANTA,  July 18, 2017

*The Court of Appeals hereby passes the following order:*

**A17A2038. RANDALL NOWILL v. THE STATE.**

In 2002, a jury found Randall Nowill guilty of two counts of aggravated child molestation, child molestation and incest, and the trial court sentenced him to two consecutive 15-year sentences for aggravated molestation, ten years for child molestation, and five years for incest, the latter two sentences to run concurrently. We affirmed Nowill's convictions on appeal See *Nowill v. State*, 271 Ga. App. 254 (609 SE2d 188) (2005). Nowill subsequently filed a pro se motion to vacate a void sentence. The trial court denied the motion, and Nowill filed this direct appeal.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

According to Nowill, his sentence is void because the offenses should have been merged. Such an argument is a challenge to Nowill's convictions rather than his sentence and does not constitute a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).

Nowill also argues his sentence is void because the trial court did not enter a split sentence. Although OCGA § 17-10-6.2 (b) requires a split sentence for sexual offenders, this statute was not enacted until 2006. Accordingly, Nowill's "sentence is not void because it was authorized by the law as it existed at the time of his conviction." *McClendon v. State*, 287 Ga. App. 515, 516 (651 SE2d 820) (2007).

Because Nowill has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/18/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*