# Court of Appeals
# of the State of Georgia

ATLANTA,  September 12, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0004. LORI ANN ABERNATHY v. THE STATE.**

In 2002, a jury found Lori Ann Abernathy guilty of one count of incest (Count Five), five counts of child molestation (Counts Six through Ten), and twelve counts of sexual exploitation of children (Counts Eleven through Twenty-Two). Abernathy committed the offenses from 1999 to 2001. The trial court sentenced Abernathy to 20 years' confinement on Count Five; 10 years' confinement and 10 years' probation on Count Six, to run consecutively to Count Five; 20 years' confinement on Count Seven, to run concurrently with Count Six; 20 years' confinement on Counts Eight, Nine, and Ten, to run concurrently with Count Five; and 1 year of confinement on Counts Eleven through Twenty-Two, to run concurrently with Count Five. We affirmed Abernathy's convictions in an unpublished opinion on appeal. See Case No. A07A1954 (affirmed Mar. 26, 2008).

In 2017, Abernathy filed a motion to correct void sentence, claiming that (1) her sentences on Counts Five, Seven, Eight, Nine, and Ten were void because they were not split sentences and did not include a term of probation, as required by OCGA § 17-10-6.2 (b), and (2) her sentence on Count Six was improperly ordered to run consecutively to Count Five. The trial court denied the motion, and Abernathy filed this appeal.

An appeal may lie from an order denying a motion to correct or vacate a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611

(1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Abernathy has failed to raise a colorable claim that her sentences are void. First, regarding her split-sentence claim, OCGA § 17-10-6.2 was first enacted in 2006, and therefore it has no bearing on the trial court's sentencing of Abernathy. See *Richardson v. State*, 334 Ga. App. 344, 347 (1) (779 SE2d 406) (2015) ("Because OCGA § 17-10-6.2 was not in effect when [the defendant] committed the charged crime[s], the trial court committed no error in failing to apply its provisions[.]"); see also *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed). Accordingly, Abernathy's "sentence[s] [are] not void because [they were] authorized by the law as it existed at the time of [her] conviction." *McClendon v. State*, 287 Ga. App. 515, 516 (651 SE2d 820) (2007).

Second, regarding Abernathy's challenge to the imposition of a consecutive sentence, a trial court has discretion to impose consecutive or concurrent sentences for separate offenses, as long as the sentence for each offense is within the statutory limits. See *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010); see also OCGA § 17-10-10 (a); *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006). Here, each of Abernathy's sentences are within the statutory limits. See OCGA §§ 16-6-22 (1999-2001); 16-6-4 (1999-2001); 16-12-100 (1999-2001).

Because Abernathy has not raised a valid void-sentence claim, we lack jurisdiction to consider her appeal. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/12/2018*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*