# Court of Appeals
# of the State of Georgia

ATLANTA,  February 12, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1340.  KELVIN WILLIAMS v. THE STATE.**

In 2003, following a jury trial, Kelvin Williams was convicted of armed robbery (Count One), kidnapping with bodily injury (Count Two), and three counts of aggravated assault (Counts Three, Five, and Six). As relevant to this appeal, he was sentenced to a total term of life imprisonment on Count One, and 20 years' confinement on Count Three, to run consecutively with Count One. On appeal, we reversed his conviction for kidnapping with bodily injury, but affirmed his other convictions. See *Harper v. State*, 300 Ga. App. 757 (686 SE2d 375) (2009). In 2016, Williams filed a "Motion to Vacate Void Illegal Sentence," arguing that the trial should have merged his convictions on Counts One and Three. The trial court denied the motion, and Williams then filed the instant direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as the case here, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the

applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Williams asserts that the trial court erred in failing to merge certain offenses. Williams's merger argument, however, is a challenge to his convictions, not to his sentence. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). To the extent that Williams challenges the imposition of a consecutive sentence, a trial court has discretion to impose consecutive or concurrent sentences for separate offenses, as long as the sentence for each offense is within the statutory limits. See *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010); see also OCGA § 17-10-10 (a); *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006). Here, each of Williams's sentences are within the statutory limits. See OCGA §§ 16-8-41 (b); 16-5-21 (b). Because Williams has not raised a valid void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*<u>  02/12/2019        </u>
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*