# Court of Appeals
# of the State of Georgia

ATLANTA,  September 05, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0183.  AARON GRANT-FARLEY v. THE STATE.**

In 2003, Aaron Grant-Farley was convicted of four counts of armed robbery and four counts of aggravated assault. For sentencing purposes, the aggravated assault counts were merged into the armed robbery counts, and Grant-Farley was sentenced to ten years on each count to serve consecutively.  We affirmed Grant-Farley's convictions on appeal. *Grant-Farley v. State*, 292 Ga. App. 293 (664 SE2d 302) (2008).  In 2018, Grant-Farley filed a "Motion to Correct Void Sentence," arguing that his sentence was cruel and unusual, particularly in light of lesser sentences received by the co-defendants in the case.  The trial court denied the motion, and Grant-Farley then filed the instant direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as in the case here, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Moreover, a direct appeal does not lie

from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Grant-Farley argues that his four, ten-year consecutively imposed sentences were cruel and unusual since the co-defendants were only sentenced to eleven years in prison. A trial court has discretion to impose consecutive or concurrent sentences for separate offenses, as long as the sentence for each offense is within the statutory limits. See *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010); see also OCGA § 17-10-10 (a); *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006). Here, each of Grant-Farley's sentences is within the statutory limits. At the time of Grant-Farley's conviction, armed robbery was punishable "by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years." See OCGA § 16-8-41 (b) (2003).

Because Grant-Farley has not raised a valid void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/05/2019__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*