# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0473.  MARK STEPHAN NEWSOME, JR. v. THE STATE.**

In 2008, Mark Stephan Newsome, Jr. was convicted of two counts of aggravated assault (OCGA § 16-5-21), one count of armed robbery (OCGA § 16-8-41), two counts of false imprisonment (OCGA § 16-5-41), one count of burglary (OCGA § 16- 7-1), one count of theft by taking (OCGA § 16-8-2), and one count of possession of a firearm during a felony (OCGA § 16-11-106). We affirmed his convictions on appeal but remanded for resentencing on Count 2 (aggravated assault) and Count 3 (armed robbery). See *Newsome v. State*, 324 Ga. App. 665 (751 SE2d 474) (2013). In 2016, Newsome, appearing pro se, filed a motion to vacate a void sentence. The trial court denied his motion, and Newsome appeals from that order. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period has expired, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670. Moreover, a direct appeal does not

lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motion, Newsome argued that his sentence is void due to the failure to merge Count 1 (aggravated assault) with Count 3 (armed robbery). Such a merger argument is a challenge to a conviction rather than a sentence, and thus does not constitute a valid void sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). Newsome also argued that the evidence in support of his burglary conviction is insufficient, which is also a challenge to his conviction rather than his sentence. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Newsome's remaining claims – that his sentence was unduly harsh and that the trial court should have imposed concurrent sentences – are also not valid void sentence arguments. Arguments pertaining to the severity of sentences do not constitute valid void sentence claims absent a colorable claim that a sentence lies outside the statutory range of punishment. See *Frazier*, supra. Additionally, a trial court has discretion to impose consecutive or concurrent sentences for separate offenses, as long as the sentence for each offense is within the statutory limits. See *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010); see also OCGA § 17-10-10 (a); *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006). Here, each sentence Newsome received is within the statutory limits: 20 years for aggravated assault, 15 years for armed robbery, 5 years for false imprisonment, 15 years for burglary, 10 years for theft by taking, and 5 years for possession of a firearm during the commission of a felony. See OCGA §§ 16-5-21 (b); 16-8-41 (b); 16-5-41 (b); 16-

7-1 (b); 16-8-12 (a) (1); 16-11-106 (b). Accordingly, Newsome's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, 11/13/2020*
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

         *Stephen E. Castlen*
_____ *, Clerk.*