# Court of Appeals
# of the State of Georgia

ATLANTA, November 23, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0485. TRAVIS D. HODGES v. THE STATE.**

In June 2002, Travis D. Hodges pleaded guilty to three separate counts of armed robbery. He was sentenced to ten years in prison on each count, to be served consecutively. In March 2016, Hodges filed a "Motion to Correct an Illegal and/or Void Sentence," arguing, among other things, that the trial court should have run the ten-year sentences concurrently. The trial court denied the motion, Hodges filed a direct appeal from that order, and we dismissed the appeal. In our order, we noted that "whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion," *Simpson v. State*, 310 Ga. App. 63, 64 n. 4 (715 SE2d 675) (2011), and concluded that Hodges had not raised a colorable void sentence claim. See Case No. A16A2083 (dismissed Aug. 2, 2016). Hodges subsequently filed another Motion to Vacate a Void Sentence, arguing that the trial court committed reversible error in issuing consecutive sentences because that "deferred" sentencing. The trial court denied Hodges's motion, Hodges filed a direct appeal from that order, and we dismissed that appeal too. In our order, we again noted that "whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion," *Simpson*, 310 Ga. App. at 64 n. 4, and again concluded that Hodges had not raised a colorable void sentence claim. See Case No. A17A1125 (dismissed Feb. 22, 2017).

Hodges then filed his "Defendant's Consolidated Motion to Modify and Vacate Void Sentences." In this motion, he argued that his sentences cannot run consecutively because under OCGA § 17-10-6.1 (d) the conviction of multiple crimes charged on the same indictment or in two or more indictments consolidated for trial

"shall be deemed to be only one conviction" for the purposes of determining "a first conviction of any serious violent felony" under that code section. The trial court denied Hodges's motion, and he filed this direct appeal. We again lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, contrary to Hodges's argument, OCGA § 17-10-6.1 (d) does not prohibit a judge from imposing consecutive sentences. And, as stated in our prior two orders dismissing Hodges's similar appeals, "whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion." *Simpson*, 310 Ga. App. at 64 n. 4. Therefore, Hodges has failed to raise a colorable void sentence claim, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  11/23/2020    *
  *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*


_____ *, Clerk.*