**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 7, 2025**

# In the Court of Appeals of Georgia

A25A1455. STATE v. BERTRAND.

BARNES, Presiding Judge.

Invoking this Court's jurisdiction pursuant to OCGA § 5-7-1 (a) (6),[1] the State contends that the trial court lacked jurisdiction to modify a 30-to-serve-10 year sentence to a 20-to-serve-10 year sentence more than one year after the sentence was imposed. Following our review, and for the reasons that follow, we dismiss the appeal.

---

[1] The statute provides that

[a]n appeal may be taken by and on behalf of the State of Georgia from the superior courts, state courts, and juvenile courts and such other courts from which a direct appeal is authorized to the Court of Appeals or the Supreme Court in criminal cases . . . [f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state[.]

The facts relevant to this appeal establish that, following a three-count indictment for aggravated sodomy, aggravated child molestation, and child molestation, on February 26, 2019, Bryan C. Bertrand entered a negotiated plea of guilty to reduced charges of sodomy and two counts of child molestation. At the entry of his guilty plea, he was sentenced to 20-to-serve-10 on the sodomy count, 30-to-serve-10 on one count of child molestation consecutive to the sodomy count, and a concurrent sentence of 30 years on the other child molestation count. In summary, Bertrand was sentenced to a total of 50 years to serve 20 with the remainder on probation.

In March 2023, Bertrand filed a petition for writ of habeas corpus, and pursuant to the habeas court's subsequent grant of partial relief, the case was remanded to superior court for "merger of the two convictions for child molestation and resentencing on a single count of child molestation in compliance with OCGA § 17-10-6.2 (b)." The habeas court further directed that "[Bertrand's] conviction and sentence for the charge of sodomy stand[.]"

At the ensuing resentencing hearing, in complying with the habeas court's order, the trial court sentenced Bertrand as follows:

2

> [T]he original sentence on the sodomy was 20, serve 10, and $1000 fine; is that correct? Well I'm reading the sentence, I know it's correct. It is. It is 20, serve 10, and the court would impose that sentence of 20, serve 10, with $1000 fine as to Count 1. On the Count 2 – Count 3 would merge into Count 2, and Count 2, this court would also sentence a sentence of 20 years with the first 10 years to be serve in custody with Count 2 to be served concurrent with Count 1.

The trial court concluded, "that would make a total sentence of 20 years with the first 10 years to be served in custody with credit for time served back to your incarceration date. I think they are telling me is February of 2015." After it was confirmed that Bertrand's incarceration date was February 23, 2015, the trial court pronounced that because of the new sentence of 20 years, serve 10 with the remainder on probation and that the current date was February 24, 2025, Bertrand had completed his incarceration because he had "served [his] 10 years in custody." The trial court then noted that the remainder of Bertrand's 20-year sentence would be on probation and instructed Bertrand on the conditions of his probation. Thus, the resulting aggregate sentence was 20 years to serve 10, rather than the former sentence of 50 years to serve 20. The State appeals from the resentencing.

In its sole enumeration of error, the State contends that the trial court did not have jurisdiction to resentence Bertrand on the sodomy count as the habeas court only directed that he be resentenced on the two child molestation counts. According to the State, the trial court impermissibly "modified [Bertrand's] sentence for count 1 [sodomy], reducing the sentence for that count from 30 years to serve 10 consecutive with count 2 to 20 years to serve 10 concurrent with count 2." The new sentence, it maintains, results in Bertrand serving only 10 years rather than the 20 years to serve under his original sentence. Accordingly, the State contends, because the resulting modification was outside the one year period prescribed in OCGA § 17-10-1 (f), the trial court lacked jurisdiction and the new sentence cannot stand.

"Because this appeal involves a question of law, we review both the record and the decision of the court below de novo." (Citation and punctuation omitted.) *Mathis v. State*, 336 Ga. App. 257, 257 (784 SE2d 98) (2016). The State is limited in its "right of appeal . . . in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." (Citation and punctuation omitted.) *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77)

(2007). Here, the State appeals pursuant to OCGA § 5-7-1 (a) (6), which provides that the State may appeal *"[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction* or the order is otherwise void under the Constitution or laws of this state." (Emphasis supplied.) Specifically, the State contends that the trial court did not have jurisdiction to change the sodomy sentence over one year after the original sentence was entered. See OCGA § 17-10-1 (f) (1).[2]

Contrary to the State's contention, the trial court did not modify the sodomy conviction. The habeas court only granted Bertrand habeas relief on the child molestation sentences, and a review of the record confirms that Bertrand's original sodomy sentence was 20 years, serve 10 and that the sentence remained unchanged after Bertrand was resentenced. Moreover, because the original sentence had the child molestation sentences consecutive to the sodomy sentence, the 10 years Bertrand had

---

[2] The statute provides in pertinent part that
[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

already served in confinement at the time of the resentencing were not served under the child molestation sentence but rather under the sodomy sentence. Thus, in resentencing the child molestation sentence the trial court did not in any way modify the sodomy sentence.

The State correctly notes that as a result of the modification of the child molestation sentences the aggregate sentence changed from 50 years to serve 20, to 20 years to serve 10 because the child molestation sentences were concurrent to the sodomy sentence rather than consecutive. In the original sentence the sentences for the child molestation counts were to be served concurrent to each other, and one of the counts was consecutive to the sodomy count. Even considering that the aggregate sentence was modified by the resentencing, it has been held that with regard to sentencing, "each count stands alone." *Evans v. State*, 300 Ga. 271, 276 (794 SE2d 40) (2016). See generally *State v. Riggs*, 301 Ga. 63, 64 (1) (799 SE2d 770) (2017) (holding that the split-sentence requirement for defendant convicted of a sexual offense applied to each sexual offense count rather than aggregate sentence). And, a trial court has discretion to impose consecutive or concurrent sentences for multiple offenses as long as the sentence for each offense is within the statutory limits. *Rooney*

6

*v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010); *Simpson v. State*, 310 Ga. App. 63, 64, n. 4 (715 SE2d 675) (2011) (finding that "[u]nder Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits.") (citation and punctuation omitted). See also OCGA § 17-10-10 (a) ("Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein.").

"Accordingly, because the State is not appealing ['from an order, decision, or judgment of a court where the court does not have jurisdiction'] and the trial court had jurisdiction to impose the sentence, this appeal does not invoke our jurisdiction under OCGA § 5-7-1 (a) (6) and is therefore dismissed." *State v. Scott*, 370 Ga.App. 40, 43 (894 SE2d 512) (2023). Cf. *State v. Devine*, 373 Ga. App. 568, 573 (908 SE2d 258) (2024) (holding that sentencing court lacked jurisdiction under OCGA § 17-10-1 (f) to modify sentence more than a year after sentence was entered, and thus Court of

Appeals had appellate jurisdiction over state's appeal of sentencing court's modification of sentence under OCGA § 5-7-1 (a) (6)).

*Appeal dismissed. Brown, C. J., and Rickman, P. J., concur.*